Francis J. Donovan, J.
This is an action by a property owners’ association to recover annual assessments.
Provision for payment of the charges was contained in prior deeds. It is alleged that such covenants run with the land and are therefore personally enforcible against the present holder of title.
A decision granting summary judgment in favor of plaintiff was set down for reargument on the court’s own motion in order that the jurisdiction of the court might be determined.
Defendant declined to argue or cite authorities, stating that he preferred to reserve his right to challenge the court’s jurisdiction at a later date.
Jurisdiction should be determined at the threshold. To permit a case to progress to appeal stage where jurisdiction is questionable does not seem to be in anyone’s interest.
The court has therefore itself considered the problem. This type covenant being affirmative, i.e., requiring the payment of money, does not generally run with the land. It was, however, recognized as an exception in Neponsit Property Owners’ Assn. v. Emigrant Ind. Sav. Bank (278 N. Y. 248).
The assessments involved are analogous to taxes, since they are imposed for the maintenance of facilities which serve the general benefit of the burdened properties.
We do not question the holding in Neponsit. The action there was to enforce a lien. University Gardens Property Owners Assn. v. University Gardens Corp. (88 N. Y. S. 2d 734) was also an in rem proceeding.
The instant action is in personam, predicated on defendant’s contractual liability. If the only liability is in rem, the court lacks jurisdiction of the subject matter. Under the Nassau County District Court Act, this court had no equitable jurisdiction to enforce liens on real property. The new section 202 of the Uniform District Court Act which became effective September 1, 1963, did not supply such jurisdiction (see commentary in McKinney’s Cons. Laws of N. Y., Book 29A, Judiciary — Court Acts, p. 469).
In Nicholson v. 300 Broadway Realty Corp. (7 N Y 2d 240, 243) the court distinguished in rem liability from in personam liability in connection with affirmative covenants. At page 247, *818 the court said: “ If the defendant had merely taken conveyance of the property, without expressly assuming performance of the contract duty owed by Embossing to the plaintiffs under the 1929 contract, the plaintiffs would have had no contractual claim against the defendant.” (Italics supplied.)
In the case at bar there is neither allegation nor proof that defendant ever made an express assumption of liability on the covenants.
It is our opinion that defendant is not liable on contract. Therefore plaintiff is relegated to an action in rem to foreclose its liens in a court of appropriate jurisdiction.
On reconsideration, summary judgment is granted in favor of defendant dismissing the complaint for lack of jurisdiction,